# EXHIBIT A



## Service of Process Transmittal Summary

**TO:**    Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:**    **Process Served in Arizona**

**FOR:**   Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Kevin Humphrey and Jessica Humphrey, husband and wife // To: Costco Wholesale Corporation |
| **CASE #:** | CV2024004751 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Phoenix, AZ |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/10/2024 at 11:02 |
| **JURISDICTION SERVED:** | Arizona |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/11/2024, Expected Purge Date: 04/26/2024 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| | Email Notification,  Derek Snead  dsnead@costco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
3800 N. Central Avenue
Suite 460
Phoenix, AZ 85012
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Apr 10, 2024
**Server Name:**                   Tina Nemeth

| Entity Served | COSTCO WHOLESALE CORPORATION |
|---|---|
| Case Number | CV 2024-004751 |
| Jurisdiction | AZ |

| Inserts | | |
|---|---|---|
| | | |



29

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
3/8/2024 3:39:18 PM
Filing ID 17469913

Person/Attorney Filing: J. Tyrrell Taber
Mailing Address: 2575 E Camelback Rd, Ste 1100
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)530-8015
E-Mail Address: ty.taber@gknet.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005204, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Kevin Humphrey, et al.
Plaintiff(s),
v.
Costco Wholesale Corporation, et al.
Defendant(s).

Case No.  CV2024-004751

**SUMMONS**

To: Costco Wholesale Corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

*AZTurboCourt.gov Form Set #8608955*

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 08, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *L. MARTINEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZTurboCourt.gov Form Set #8608955

2

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
3/8/2024 3:39:18 PM
Filing ID 17469910

J. Tyrrell Taber (Bar No. 005204)
Maria T. Raciti (Bar No. 037823)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:   (602) 530-8500
ty.taber@gknet.com
maria.raciti@gknet.com
*Attorneys for Plaintiffs*

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| Kevin Humphrey and Jessica Humphrey, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Costco Wholesale Corporation, a foreign corporation; ShelterLogic Group Inc., a Delaware corporation; RIO Brands, LLC, a Delaware limited liability company; John and Jane Does I-X; Black and White Corporation I-X; and ABC Partnerships I-X,<br><br>Defendants. | No. CV2024-004751<br><br>**COMPLAINT**<br><br>(Strict Product Liability; Negligence)<br><br>(Jury Trial Demanded)<br><br>(Tier 3) |

Plaintiffs Kevin and Jessica Humphrey, for their Complaint against Defendants, by and through undersigned counsel, allege the following:

**PARTIES**

1.     Plaintiffs Kevin and Jessica Humphrey, at all relevant times, were residents of Maricopa County, Arizona.

2.     Defendant Costo Wholesale Corporation ("Costco") is a Washington corporation, with its principal place of business in Issaquah, Washington.

3.     At all relevant times, Defendant Costco was and is conducting business in Arizona.

4.     Defendant ShelterLogic Group Inc. ("ShelterLogic Group") is the publicly

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

held parent of Defendant RIO Brands, LLC.

5. Defendant ShelterLogic Group is a Delaware corporation with its principal place of business in Watertown, Connecticut.

6. At all relevant times, Defendant ShelterLogic Group was and is conducting business in Arizona.

7. Defendant RIO Brands, LLC ("RIO Brands") is a Delaware Limited Liability Company, with its principal place of business in Philadelphia, Pennsylvania.

8. At all relevant times, Defendant RIO Brands was and is conducting business in Arizona.

9. Defendants John and Jane Does I-X, Black and White Corporations I-X, and ABC Partnerships I-X are those persons and entities whose relationships to the named Defendants and/or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiffs, but whose true identities are at present unknown to Plaintiffs. These persons and entities are hereby notified of Plaintiffs' intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

10. Upon belief, all fictitious defendants were residents of the State of Arizona, and/or were organized and existing under the laws of Arizona and doing business in the State of Arizona; and/or were foreign corporations, businesses, etc., qualified to do business within the State of Arizona, and actually doing business therein on the date of the incident alleged herein.

11. Defendant Costco, Defendant ShelterLogic Group, Defendant RIO Brands, and the fictitiously named Defendants are collectively referred to as "Defendants."

12. Defendants are vicariously liable for the negligent acts or omissions of any of their employees or contractors while acting in the course and scope of their duties or employment on behalf of the said Defendants or while performing duties related to the conduct of Defendants' businesses.

13. All Defendants are the agents, employees, alter egos and/or joint ventures of

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

2

the other Defendants and all acts alleged herein were undertaken in the course and scope of said agency, employment, enterprise and/or joint venture.

## JURISDICTION AND VENUE

14.     All Defendants have individually, collectively, and purposely directed activities in the State of Arizona and caused events to occur in the State of Arizona and in the County of Maricopa.

15.     Upon information and belief, at all relevant times, Defendants, and each of them, conducted regular and sustained business and engaged in substantial commerce and business activity in the State of Arizona, which included but was not limited to researching, developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce and into the State of Arizona, either directly or indirectly through third parties or related entities, its products, including the product at issue in this Complaint.

16.     Upon information and belief, at all relevant times, Defendants and each of them expected or should have expected that their acts would have consequences within the United States including in the State of Arizona, and said Defendants derived and continue to derive substantial revenue therefrom.

17.     The injuries from which this case arises occurred in Maricopa County, Arizona.

18.     This Court thus has specific jurisdiction over this action and the parties to this action.

19.     Venue in this Court is proper pursuant to A.R.S. § 12-401, and the amount in controversy exceeds the jurisdictional limits of this Court.

## BACKGROUND

**A. Defendants and Their Products.**

20.     Defendant Costco was founded in 1983 and "is a multi-billion dollar global

retailer," with 600 warehouse retail locations in the United States, including Arizona.[1]

21.    Defendant ShelterLogic Group was formed in or around 2018 by private equity firm Webster Capital, LLC and advertises itself as a "leading innovator and manufacturer of outdoor lifestyle products, with one of the most extensive product catalogs of attractive and reliable outdoor shade, shelter, and lifestyle solutions in the world."[2]

22.    Defendant ShelterLogic Group acts as a holding company for three investments that Webster Capital made in the outdoor products market, namely ShelterLogic Corp.; Sojag Inc.; and Defendant RIO Brands.

23.    According to Defendant ShelterLogic Group, "[t]he newly united ShelterLogic Group brings a broader range of capabilities to its customers[,] including quality manufacturing, increased financial resources, [and] innovative product design and development."[3]

24.    Upon information and belief, Defendant ShelterLogic Group sells its products directly to consumers and through retailers like Defendant Costco throughout Canada and the United States, including Arizona.

25.    Defendant RIO Brands was founded in 1947, acquired by Webster Capital in or around 2015, and is a "leading supplier of a full line of outdoor furniture and other related accessories used for the beach, backyard, patio, parks and other outdoor venues."[4]

26.    Defendant RIO Brands designs, assembles, fabricates, produces, constructs and/or otherwise manufactures outdoor products under company-owned brands RIO Beach, RIO Creations, and RIO Gear.

27.    According to Defendant ShelterLogic Group, Defendant RIO Brands "builds products to the highest quality standard in the industry."[5]

28.    Upon information and belief, Defendant RIO Brands designed and

---

[1] https://www.costco.com/about.html#:~:text=Costco%20Wholesale%20is%20a%20multi, for%20our%20outstanding%20business%20ethics.

[2] https://www.shelterlogicgroup.com/timeline/becoming-shelterlogic-group-2/

[3] https://www.shelterlogicgroup.com/webster-forms-new-company-shelterlogic-group/

[4] https://www.crunchbase.com/organization/rio-brands

[5] https://www.shelterlogicgroup.com/webster-forms-new-company-shelterlogic-group/

DRAFT 03/08/24 3:34PM                                        4

manufactured the Rio Brands Swinging Hammock Chair, manufactured in China, with model number GRSW01-22CO (the "Subject Chair").

29. Upon information and belief, Defendant RIO Brands supplied the Subject Chair to Defendant ShelterLogic Group, who then imported the Subject Chair into the United States.

30. Upon information and belief, Defendant ShelterLogic Group prepared the Subject Chair for sale and distributed and retailed the product.

31. Upon information and belief, the Subject Chair was manufactured in or around 2019.

32. From January 2020 through June 2022, the Subject Chair was sold at Blain's Farm & Fleet, Camping World, Costco, Lowe's, and Tractor Supply Company stores nationwide and online at Amazon.com, CampingWorld.com, Costco.com, Lowes.com and Walmart.com and other websites.

33. Defendant Costco sold the Subject Chair under item number 2622071.

34. The Subject Chair was advertised as a free-swinging hammock that could hold up to 300 pounds.

35. From January 2020 through June 2022, Defendant ShelterLogic Group received dozens of reports of incidents that resulted in injuries from consumers who fell while using the Subject Chair

36. After receiving these numerous reports, Defendant ShelterLogic Group recalled the Subject Chair on June 30, 2022.

37. Defendant ShelterLogic recalled approximately 786,000 of these chairs (recall number 22-175).

**B. Mr. Humphrey's Purchase and Use of the Subject Chair.**

38. On or about February 26, 2022, Mr. Humphrey purchased the Subject Chair from Defendant Costco, located at 1444 S. Sossaman Road, Mesa, Arizona 85209.

39. From February 26, 2022 to March 11, 2022, Mr. Humphrey stored the Subject Chair in his RV garage, leaving it untouched. He did not even open the bag holding the

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

5

Subject Chair until March 11, 2022.

40.    On or about March 11, 2022, Mr. Humphrey and his family were preparing to watch a movie. He decided this would be a perfect opportunity to try the recently purchased Subject Chair.

41.    Mr. Humphrey read the label on the outside of the bag, which stated that the Subject Chair should be used on a flat surface. He proceeded to move to a flat surface, namely his tiled kitchen floor.

42.    Once on a flat surface, Mr. Humphrey opened the bag and pulled out the two pieces of the Subject Chair: (1) the gray metal frame and (2) the fabric seat containing a backrest and pillow.

43.    The Subject Chair did not come with any paper or digital instructions, such as a user manual, quick start guide, set of diagrams, QR code, or video tutorial. It only came with a small warning tag on the Subject Chair's armrest and two tiny white stickers on the gray metal frame that were nearly illegible because of how small the font on these stickers was.

44.    Neither the warning tag nor the stickers specified whether the pins should be inserted below or above the plastic black joint in the middle of the metal frame on the Subject Chair.

45.    Neither the warning tag nor the stickers warned users that the metal frame would collapse if the pins were not properly inserted into the correct holes at the correct position.

46.    Finally, neither the warning tag nor the stickers informed users that the holes the pins needed to be inserted into may be concealed by the metal frame when the metal frame was fully extended.

47.    Using the scant direction he had, Mr. Humphrey attempted to assemble the chair. He began by fully extending the gray metal frame.

48.    The metal frame, when fully extended, covered the holes where the pins were supposed to go.

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

6

49.    The Subject Chair remained upright and stable as Mr. Humphrey tested it by placing his approximately 175 pounds of weight on the armrests.

50.    When Mr. Humphrey sat in the Subject Chair, the gray metal frame collapsed, causing Mr. Humphrey to fall directly onto his tiled kitchen floor. His tailbone rammed into the floor and his head struck the nearby kitchen island.

51.    Less than four months after the Subject Chair collapsed on Mr. Humphrey, causing the severe injuries described below, Mr. Humphrey received the recall letter from Defendants Costco and ShelterLogic Group.

52.    The recall letter, dated June 30, 2022, provided brand new instructions, complete with a detailed description of the assembly process involving the pins, a step-by-step diagram of the same, and a QR Code with an assembly video:

Please ensure that the 2 safety pins, which are permanently attached to the chair with orange straps, are correctly inserted and locked into position before and during use.



WARNING: BOTH PINS MUST BE FULLY INSERTED THROUGH TO LOCK FRAME BEFORE USE

Scan the QR Code to view a video demonstrating proper assembly of your Swinging Hammock Chair. Please review the video and the assembly instructions provided with the product.



SCAN ME

You may also contact ShelterLogic Group at 1-888-635-3359 Monday – Friday 8:00am – 5:00pm Eastern or by email at riocare@shelterlogic.com for more information on the Swinging Hammock Chair and the assembly instructions.

53.    Unfortunately, these instructions arrived too late. Mr. Humphrey had already suffered debilitating, life-changing injuries as a result of the Subject Chair's design and/or manufacturing defects and Defendants' failure to instruct and warn foreseeable consumers about the Subject Chair and its hazards.

**C. Mr. Humphrey's Injuries Were Caused by Defects in the Subject Chair.**

54.    As a direct and proximate result of the Subject Chair's failure, Mr. Humphrey

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

7

has suffered and is continuing to suffer severe injuries and mental distress.

55.    After the Subject Chair collapsed on Mr. Humphrey, he began experiencing significant pain in his lower back.

56.    He sought treatment with a chiropractor and began practitioner-assisted stretching in hopes of alleviating his symptoms.

57.    When he was unable to relieve these symptoms, Mr. Humphrey saw his primary care provider on April 15, 2022.

58.    Mr. Humphrey's pain continued to worsen causing him to seek treatment at Banner Baywood Emergency Room on August 2, 2022.

59.    Less than one week later, Mr. Humphrey presented to Desert Institute for Spine Care on August 8, 2022. Mr. Humphrey reported his pain levels made it difficult for him to walk or even sit for long periods of time. The only way he could find relief from his pain was lying flat on his stomach. He was also dragging his foot whenever he had to walk more than a few steps.

60.    Records from Desert Institute for Spine Care indicate that imaging showed "near complete disc collapse at L5-S1" and "right central disc extrusion with inferior migration contacting the right S1 nerve."

61.    On August 19, 2022, Mr. Humphrey underwent a bilateral microdiscectomy at L5-S1 during which "a very large extruded piece," measuring approximately 1.5cm x 8 cm, of the herniated disc was removed.

62.    The herniation recurred less than three months later. An MRI performed on November 15, 2022, demonstrated "a residual recurrent left paracentral disc extrusion . . . measur[ing] 17 x 8 mm and produces posterior displacement of the emerging left S1 nerve root."

63.    On December 1, 2022, providers at Desert Institute for Spine Care recommended Mr. Humphrey undergo a laminectomy revision with posterior interbody fusion of L5-S1.

64.    This procedure took place on December 16, 2022, and Mr. Humphrey began

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

physical therapy on February 10, 2023.

65.     During his initial evaluation for physical therapy, Mr. Humphrey reported that his pain prevented him from going out, performing anything but light duties and chores, and limited his ability to walk or sit for an extended period. He also reported his pain was so severe that he could not sleep without taking pain medications.

66.     Mr. Humphrey's left leg, glute and calf have atrophied because of how severely his sciatic nerve was impinged by the two herniated discs. He continues to have no feeling in the left side of his left foot.

67.     As recently as February 2024, Mr. Humphrey, at the recommendation of his Physiatrist Susan Sorosky, M.D., got an MRI for his continued pain and cramping along his sciatic nerve. The MRI showed that Mr. Humphrey had scar tissue buildup between the L5 and S1 nerves. The only way to remove the scar tissue is to have surgery.

68.     Mr. Humphrey's injuries have also severely impacted his ability to work.

69.     Mr. Humphrey was employed by Sunshine Acres Children's Home and co-owned a laundromat with his brother where he was responsible for maintaining and fixing the machines.

70.     After Mr. Humphrey was injured, he was not able to work at either job, and had to go on disability. He only resumed full-time work at Sunshine Acres Children's Home in January of 2024, and has not been able to resume work at the laundromat at all.

71.     Despite complying with all prescribed interventions, including surgery, physical therapy, prescription anti-inflammatories and muscle relaxers, and injections, Mr. Humphrey continues to struggle with pain, and is still receiving treatment.

72.     Mr. Humphrey has and continues to experience pain, discomfort, suffering, disability, disfigurement and anxiety as a direct and proximate result of the Subject Chair collapsing.

## COUNT I

### (STRICT LIABILITY – DEFECTIVE PRODUCT BY DEFENDANTS)

73.     Plaintiffs incorporate by reference all previous allegations in their Complaint.

74.    Because Defendants RIO Brands and ShelterLogic Group manufactured and prepared a product for sale—the Subject Chair—with unreasonably dangerous defects, Defendant Costco sold such product to Mr. Humphrey, all failed to warn of its hazards, and such defects caused Mr. Humphrey to suffer injuries, strict liability attaches.

75.    Defendant RIO Brands is deemed a "manufacturer" under Arizona law.

76.    Defendant ShelterLogic Group is deemed a "manufacturer" under Arizona law.

77.    Defendant Costco is deemed a "seller" under Arizona law.

78.    Defendant RIO Brands manufactured the Subject Chair and Defendant ShelterLogic Group prepared the Subject Chair for sale, which Mr. Humphrey purchased from Defendant Costco on February 26, 2022.

79.    As a manufacturer, prior to, on, and after the date of the Subject Chair's failure, Defendants RIO Brands and ShelterLogic Group had a duty to know or, through testing and other investigation, should know of the product's hazards. They then had the duty to provide adequate warnings about those hazards to the foreseeable consumer, such as Mr. Humphrey.

80.    The Subject Chair was in a defective condition when Mr. Humphrey purchased it from Defendant Costco, as prior to the incident, Mr. Humphrey had never used the Subject Chair. Moreover, prior to the incident, Mr. Humphrey had stored the Subject Chair in a clean, dry location.

81.    In Arizona, a product can be defective if it fails to satisfy either the "consumer expectations" test or the risk/benefit test. Both are satisfied here.

82.    The Subject Chair's design and/or manufacturing defects, as well as the lack of adequate warnings as to the risks involved in using the product, made the product unreasonably dangerous to its users employing it in a reasonably foreseeable manner.

83.    Mr. Humphrey used the Subject Chair in a reasonably foreseeable manner by sitting in it.

84.    The Subject Chair was defective in design and/or manufacturing as the

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

10

Subject Chair's stability depended on properly inserting two pins into the correct holes at the correct position, yet the holes the pins were supposed to be inserted into were wholly covered when the metal frame was extended.

85.    The defect in the design of the Subject Chair is further evidenced by the updated version of the Subject Chair, model number GRSW01-23CO-1, sold at Defendant Costco under item number 164445. This model does not require pins to stabilize the metal frame. Rather, upon information and belief, tubes on the arm lock the metal frame in place with an audible click.

86.    No benefits of the Subject Chair would have been lost or reduced by incorporating these safety features. Rather, the usefulness and desirability would be enhanced.

87.    The design and/or manufacturing defects of the Subject Chair resulted in the Subject Chair failing to perform as safely as an ordinary consumer, including Mr. Humphrey, would expect when using it in an intended and reasonably foreseeable manner.

88.    Likewise, the lack of appropriate instructions for the Subject Chair and the lack of appropriate warnings as to its dangerous characteristics made the Subject Chair defective and unreasonably dangerous.

89.    Defendants failed to provide adequate instructions about the Subject Chair to foreseeable consumers, such as Mr. Humphrey. Indeed, prior to the June 30, 2022 recall, neither the Subject Chair nor Defendants' respective websites came with any paper or digital instructions regarding the insertion of the pins other than a small warning tag on the Subject Chair's armrest and two tiny white stickers on the gray metal frame that were nearly illegible because of how small the font on these stickers was. Neither the warning tag nor the stickers included a diagram or QR code regarding the pins and the holes.

90.    This failure to warn is further evidenced by the June 30, 2022 recall letter described above, which includes a detailed description of the assembly process involving the pins, a step-by-step diagram of the same, and a QR Code with an assembly video.

91.    Further, Defendants failed to provide adequate warnings about the Subject

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM
11

Chair's hazards to foreseeable consumers, such as Mr. Humphrey. Neither the Subject Chair nor Defendants' respective websites warn of the collapsible metal frame that can result from not properly inserting the pins into the hidden holes.

92.    This failure to warn is further evidenced by the June 30, 2022 recall letter described above, which includes an explicit warning about fall injuries that can result from not properly inserting the pins into the correct holes at the correct position.

93.    The Subject Chair's design and/or manufacturing defects, and Defendants' failure to instruct and warn of the pin/hole issue and the collapsible metal frame that could result, were a direct and proximate cause of Mr. Humphrey's injuries. Shortly after the Subject Chair collapsed on Mr. Humphrey, and his tailbone slammed into the tiled kitchen floor, he was diagnosed with a disc herniation at L5-S1 with displacement of the S12 nerve and an annual tear at L4-5 with disc bulge. These injuries, which are reasonably foreseeable consequences of a tailbone striking tiled kitchen floor, necessitated two surgeries: a bilateral microdiscectomy and a revision laminectomy with fusion at L5-S1.

94.    Therefore, Defendants are liable for Mr. Humphrey's injuries, including the extreme and lasting back injuries, as well as other special and general damages according to proof at trial.

## COUNT II

**(NEGLIGENCE – DESIGN, MANUFACTURE, INSPECTION, AND DISTRIBUTION BY DEFENDANTS RIO BRANDS AND SHELTERLOGIC GROUP)**

95.    Plaintiffs incorporate by reference all previous allegations in their Complaint.

96.    Prior to, on, and after the date of the Subject Chair's failure, and at all relevant times, Defendants RIO Brands and ShelterLogic Group designed, manufactured, distributed, marketed, and/or sold the Subject Chair for use by consumers, such as Mr. Humphrey, in the United States, including Arizona.

97.    Put simply, Defendants RIO Brands and ShelterLogic Group owed a duty of care to all of their retailer customers to ensure the products they placed into the stream of commerce, including the Subject Chair, were reasonably safe for use.

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

12

98. Prior to, on, and after the date of the Subject Chair's failure, Defendants RIO Brands and ShelterLogic Group designed, tested, manufactured, inspected, distributed, marketed, and sold the Subject Chair for use by consumers, such as Mr. Humphrey, in the United States, including Arizona.

99. Upon information and belief, prior to and on the date of the Subject Chair's failure, Defendants RIO Brands and ShelterLogic Group breached their duty of care by, but not limited to, the following:

a. Designing, manufacturing, and distributing a product in which they knew or should have known that the likelihood and severity of potential harm from the product exceeded the burden of taking safety measures or including warnings to reduce or avoid harm;

b. Failing to perform reasonable pre- and post-market testing of the Subject Chair to determine whether or not the product was safe for its intended use;

c. Failing to provide adequate instructions, guidelines, and safety precautions to those persons to whom it was reasonably foreseeable would use the Subject Chair, including Mr. Humphrey;

d. Advertising, marketing, and recommending the use of the Subject Chair, while concealing and failing to disclose or to warn of the dangers known by Defendants RIO Brands and ShelterLogic Group to be connected with and inherent in the use of the Subject Chair;

e. Representing that the Subject Chair was safe for its intended use when, in fact, Defendants RIO Brands and ShelterLogic Group knew or should have known the product was not safe for its intended purpose;

f. Failing to use reasonable and prudent care in the design, research, manufacture, and development of the Subject Chair so as to avoid the risk of serious harm associated with its use;

g. Failing to establish an adequate quality assurance program used in the manufacturing of the Subject Chair; and

h. Failing to perform adequate evaluation and testing of the Subject Chair, which would have revealed the propensity of the Subject Chair to cause injuries as described herein.

100. As a direct and legal result of the above-described negligence in design,

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

13

testing, manufacture, inspection, distribution, marketing, and sale of the Subject Chair, Mr. Humphrey sustained and continues to suffer from the great injuries and damages described above.

### COUNT III

### (NEGLIGENCE – FAILURE TO WARN BY ALL DEFENDANTS)

101. Plaintiffs incorporate by reference all previous allegations in their Complaint.

102. Prior to, on, and after the date of the Subject Chair's failure, and at all relevant times, Defendants designed, manufactured, distributed, marketed, and/or sold the Subject Chair for use by consumers, such as Mr. Humphrey, in the United States, including Arizona.

103. Prior to, on, and after the date of the Subject Chair's failure, Defendants had a duty to exercise due care and avoid unreasonable risk of harm in and about their design, testing, manufacture, distribution, marketing, and sale of the Subject Chair.

104. Defendants owe a duty of care to all of their retail customers, including Mr. Humphrey, to ensure the products they place into the stream of commerce are reasonably safe for use.

105. Prior to, on, and after the date of the Subject Chair's failure, and at all relevant times, Defendants knew or reasonably should have known that the Subject Chair was unreasonably dangerous or likely to be dangerous when used in a reasonably foreseeable manner.

106. Prior to, on, and after the date of the Subject Chair's failure, and at all relevant times, Defendants became aware that the defects of the Subject Chair resulted in failures and injuries similar to those experienced by Mr. Humphrey.

107. When Defendants eventually decided to recall the Subject Chair on June 30, 2022, warning consumers of the Subject Chair's defects and dangers, approximately 786,000 of these defective chairs had already been sold to consumers, including Mr. Humphrey.

108. Well prior to the recall date, Defendants, with knowledge of the defects and

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

14

the severity of danger presented by the defects, continued to distribute the Subject Chair, demonstrating a conscious disregard of a known risk and negligence in failing to warn.

109.    Reasonable manufacturers and sellers under the same or similar circumstances would have recalled the Subject Chair or warned of the Subject Chair's defects long before June 2022, and would have thereby avoided and prevented harm to consumers, including Mr. Humphrey.

110.    As a direct and legal result of the above-described negligent failure to recall or warn earlier than June 2022, Mr. Humphrey sustained and continues to suffer from the great injuries and damages as described above.

## COUNT IV

### (LOSS OF CONSORTIUM FOR PLAINIFF JESSICA HUMPHREY)

111.    Plaintiffs incorporate by reference all previous allegations in their Complaint.

112.    Defendants owed Mr. Humphrey certain duties, including but not limited to, exercising due care and avoiding unreasonable risk of harm in and about their design, testing, manufacture, inspection, distribution, marketing, and sale of the Subject Chair.

113.    Defendants breached their duties by, and not limited to, failing to use reasonable and prudent care in the design, research, manufacture, and development of the Subject Chair so as to avoid the risk of serious harm associated with its use; failing to provide adequate instructions, guidelines, and safety precautions to those persons to whom it was reasonably foreseeable would use the Subject Chair; and failing to disclose or to warn of the dangers known to be connected with and inherent in the use of the Subject Chair.

114.    Defendants' negligent conduct was the proximate cause of Plaintiff Jessica Humphrey's loss of consortium, including but not limited to:

        a.  Physical intimacy;

        b.  Inability to do activities that she used to do with her husband;

        c.  Marital strains;

        d.  Loss of services;

        e.  Aid and comfort;

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

15

f.  Enjoyment of life; and

g.  Other losses to be presented at trial.

115.  Plaintiff Jessica Humphrey's loss of consortium damages are the proximate result of Defendants' negligence as alleged herein.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury in this matter. This matter is not subject to compulsory arbitration.

## TIER DESIGNATION

Plaintiffs certify that this case warrants Tier 3 designation under Ariz. R. Civ. P. 26.2(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment to be entered against Defendants as follows:

A.  For general, special, and compensatory damages in an amount to be proven at trial;

B.  For costs incurred herein as permitted by Arizona law; and,

C.  For such other and further relief as the Court deems just and proper.

DATED this 8th day of March, 2024.

GALLAGHER & KENNEDY, P.A.

By:/s/ *J. Tyrrell Taber*
    J. Tyrrell Taber
    Maria T. Raciti
    2575 East Camelback Road
    Phoenix, Arizona 85016-9225
    Attorneys for Plaintiffs

9853101v1/41270-0001
DRAFT 03/08/24 3:34PM

16

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
3/8/2024 3:39:18 PM
Filing ID 17469912

Person/Attorney Filing: J. Tyrrell Taber
Mailing Address: 2575 E Camelback Rd, Ste 1100
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)530-8015
E-Mail Address: ty.taber@gknet.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005204, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Kevin Humphrey, et al.<br>Plaintiff(s),<br>v.<br>Costco Wholesale Corporation, et al.<br>Defendant(s). | Case No. **CV2024-004751**<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: J. Tyrrell Taber /s/
Plaintiff/Attorney for Plaintiff

AZTurboCourt.gov Form Set #8608955

48

J. Tyrrell Taber (Bar No. 005204)
Maria T. Raciti (Bar No. 037823)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:    (602) 530-8000
Facsimile:    (602) 530-8500
ty.taber@gknet.com
maria.raciti@gknet.com
*Attorneys for Plaintiffs*

# SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| Kevin Humphrey and Jessica Humphrey, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Costco Wholesale Corporation, a foreign corporation; ShelterLogic Group Inc., a Delaware corporation; RIO Brands, LLC, a Delaware limited liability company; John and Jane Does I-X; Black and White Corporation I-X; and ABC Partnerships I-X,<br><br>Defendants. | No. CV2024-004751<br><br>**JURY DEMAND**<br><br>*(Assigned to the Honorable Michael Gordon)* |

Pursuant to Rule 38(b), Arizona Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues in the above-entitled action.

DATED this 11th day of March, 2024.

GALLAGHER & KENNEDY, P.A.

By:*/s/ J. Tyrrell Taber*
    J. Tyrrell Taber
    Maria T. Raciti
    2575 East Camelback Road
    Phoenix, Arizona 85016-9225
    Attorneys for Plaintiffs

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

9854126v1/41270-0001
DRAFT 03/11/24 1:35PM

49

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
3/8/2024 3:39:18 PM
Filing ID 17469915

Person/Attorney Filing: J. Tyrrell Taber
Mailing Address: 2575 E Camelback Rd, Ste 1100
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)530-8015
E-Mail Address: ty.taber@gknet.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005204, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Kevin Humphrey, et al.
Plaintiff(s),
v.
Costco Wholesale Corporation, et al.
Defendant(s).

Case No. **CV2024-004751**

**SUMMONS**

To: RIO Brands, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 08, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *L. MARTINEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
3/8/2024 3:39:18 PM
Filing ID 17469914

Person/Attorney Filing: J. Tyrrell Taber
Mailing Address: 2575 E Camelback Rd, Ste 1100
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)530-8015
E-Mail Address: ty.taber@gknet.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 005204, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Kevin Humphrey, et al.
Plaintiff(s),
v.
Costco Wholesale Corporation, et al.
Defendant(s).

Case No. **CV2024-004751**

**SUMMONS**

To: ShelterLogic Group, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 08, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *L. MARTINEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

*AZturboCourt.gov Form Set #8608955*

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Saldana, Deputy
4/5/2024 12:08:56 PM
Filing ID 17613629

J. Tyrrell Taber (Bar No. 005204)
Maria T. Raciti (Bar No. 037823)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona  85016-9225
Telephone:    (602) 530-8000
Facsimile:    (602) 530-8500
ty.taber@gknet.com
maria.raciti@gknet.com
*Attorneys for Plaintiffs*

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| Kevin Humphrey and Jessica Humphrey, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Costco Wholesale Corporation, a foreign corporation; ShelterLogic Group Inc., a Delaware corporation; RIO Brands, LLC, a Delaware limited liability company; John and Jane Does I-X; Black and White Corporation I-X; and ABC Partnerships I-X,<br><br>Defendants. | No. CV2024-004751<br><br>**ACCEPTANCE OF SERVICE FOR DEFENDANTS SHELTERLOGIC GROUP INC. and RIO BRANDS, LLC.**<br><br>(*Assigned to the Honorable Michael Gordon*) |

Steven M. Chaet of Law Office of Steven M. Chaet, as attorney for Defendants ShelterLogic Group, Inc. and RIO Brands, LLC, hereby accepts service of the Summons and Complaint, for and on behalf of Defendants ShelterLogic Group, Inc. and RIO Brands, LLC, as if personally served on Defendants ShelterLogic Group, Inc. and RIO Brands, LLC.

DATED this 5ᵗʰ day of April, 2024.

**LAW OFFICE OF STEVEN M. CHAET**

By:*/s/ Steven M. Chaet (with permission)*

Steven M. Chaet
1299 Zurich Way, Suite 400
Schaumburg, Illinois 60196
*Attorneys for Defendants ShelterLogic Group, Inc. & RIO Brands, LLC*

9879769v1/41270-0001
DRAFT 04/05/24 12:03PM

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

ORIGINAL of the foregoing filed via
AZTurboCourt this 5th day of April, 2024.


By: */s/ Deanna Allen*

9879769v1/41270-0001
DRAFT 04/05/24 12:03PM

2

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
4/30/2024 9:06:12 AM
Filing ID 17736949

Steven M. Chaet (Bar No.024346)
Law Office of Steven M. Chaet
1299 Zurich Way, Suite 400
Schaumburg, IL 60196
(602) 217-8013
steven.chaet@zurichna.com
*Attorneys for Defendants ShelterLogic and RIO Brands*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF   MARICOPA**

| KEVIN HUMPHREY and JESSICA HUMPHREY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation; SHELTERLOGIC GROUP, INC., a Delaware corporation, RIO BRANDS, LLC, a Delaware limited liability company; JOHN and JANE DOES I-IX; BLACK and WHITE CORPORATION I-X; and ABC PARTNERSHIPS I-X,<br><br>Defendants. | **CASE NO:   CV2024-004751**<br><br>**DEFENDANTS' SHELTERLOGIC GROUP, INC. AND RIO BRANDS, LLC'S ANSWER TO COMPLAINT**<br><br> **(Assigned to the Honorable  Michael Gordon)** |
|---|---|

Defendants ShelterLogic Group, Inc. ("ShelterLogic") and RIO Brands, LLC ("RIO") (hereinafter, ShelterLogic and RIO are collectively referred to as "Answering Defendants") by and through counsel undersigned, as and for their Answer to the Complaint, admit, deny and allege as follows:

1.    Responding to paragraphs 1 through 3, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

LAW OFFICE OF STEVEN M. CHAET
Employees of Zurich American Insurance Company

2. Responding to paragraph 4, Answering Defendants admit that ShelterLogic is parent company of RIO but deny it is a publicly held company.

3. Responding to paragraphs 5 and 6, Answering Defendants admit the allegations contained therein.

4. Responding to paragraph 7, RIO admits it is a Delaware limited liability company but denies the remaining allegations contained therein.

5. Responding to paragraph 8, RIO denies the allegations contained therein.

6. Responding to paragraphs 9 and 10, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

7. Paragraph 11 contains no allegations, and as such, no response is required.

8. Responding to paragraph 12, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

9. Responding to paragraph 13, Answering Defendants deny the allegations contained therein.

10. Responding to paragraphs 14 through 19, Answering Defendants admit that jurisdiction and venue are proper, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

11. Responding to paragraph 20, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

2

12. Responding to paragraphs 21 through 24, ShelterLogic admits the allegations contained therein.

13. Responding to paragraph 25, RIO admits it was acquired by Webster Capital in 2015, asserts that it can trace its history to 1947 through its predecessor, and denies the remaining allegations contained therein.

14. Responding to paragraph 26, RIO denies the allegations contained therein.

15. Responding to paragraph 27, Answering Defendants admit the allegations contained therein with regard to when the statement was made, but assert that RIO no longer builds products.

16. Responding to paragraph 28, Answering Defendants deny the allegations contained therein.

17. Responding to paragraph 29, Answering Defendants deny the allegations contained therein.

18. Responding to paragraph 30, Answering Defendants deny the allegations contained therein.

19. Responding to paragraph 31, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

20. Responding to paragraph 32, Answering Defendants admit the allegations contained therein.

21. Responding to paragraph 33, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

22.    Responding to paragraph 34, Answering Defendants admit the allegations contained therein.

23.    Responding to paragraph 35, ShelterLogic asserts that it received dozens of reports of alleged incidents that purportedly resulted in injury, and is without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore denies them.

24.    Responding to paragraph 36, ShelterLogic admits the allegations contained therein.

25.    Responding to paragraph 37, ShelterLogic admits the allegations contained therein.

26.    Responding to paragraphs 38 through 40, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

27.    Responding to paragraph 41, Answering Defendants admit that the label provides that Subject Chair should be used on a flat surface, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

28.    Responding to paragraph 42, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

29.    Responding to paragraph 43, Answering Defendants admit that a warning tag and two white stickers were provided with the Subject Chair, admit that digital instructions or user manual, quick start guide, QR code or video tutorial were not provided with the Subject Chair,

4

assert that the warning tag and stickers contain proper assembly instructions, and  are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

30.    Responding to paragraph 44, Answering Defendants admit the allegations contained therein with regard to the warning tag, and deny the allegations contained therein with regard to the stickers.

31.    Responding to paragraph 45, Answering Defendants admit the allegations contained therein.

32.    Responding to paragraph 46, Answering Defendants admit that the warning tag and stickers did not inform users that the holes the pins needed to be asserted may be concealed, but deny the remaining allegations contained therein.

33.    Responding to paragraph 47, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

34.    Responding to paragraph 48, Answering Defendants deny the allegations contained therein.

35.    Responding to paragraphs 49 through 51, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

36.    Responding to paragraph 52, Answering Defendants admit that the subject letter provided a detailed description of the assembly process involving the pins, a step-by-step diagram of same, and a QR Code with assembly video, and deny the remaining allegations contained therein.

37. Responding to paragraph 53, Answering Defendants deny all allegations that the Subject Chair was defective and/or that Answering Defendants failed to provide proper instructions and/or warnings, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

38. Responding to paragraphs 54 through 72, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

**COUNT I**

**(STRICT LIABILITY – DEFECTIVE PRODUCT)**

39. Responding to paragraph 73, Answering Defendants re-allege and incorporate herein by reference their responses contained in paragraphs 1 through 38 above.

40. Responding to paragraph 74, Answering Defendants deny the allegations contained therein applicable to them.

41. Responding to paragraph 75, RIO denies the allegations contained therein.

42. Responding to paragraph 76, ShelterLogic denies the allegations contained therein.

43. Responding to paragraph 77, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

44. Responding to paragraph 78, Answering Defendants deny the allegations applicable to them, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

6

45.    Responding to paragraph 79, Answering Defendants deny the allegations contained therein.

46.    Responding to paragraph 80, Answering Defendants deny the Subject Chair was in a defective condition, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

47.    Responding to paragraph 81, Answering Defendants admit that a product can be defective if it fails to satisfy the consumer expectations test and risk/benefit test, to the extent applicable, and deny the remaining allegations contained therein.

48.    Responding to paragraph 82, Answering Defendants deny the allegations contained therein.

49.    Responding to paragraph 83, Answering Defendants deny the allegations contained therein.

50.    Responding to paragraph 84, Answering Defendants admit the Subject Chair's stability depended, in part, on properly inserting the pins, and deny the remaining allegations contained therein.

51.    Responding to paragraph 85, Answering Defendants deny there was defect in the design of the Subject Chair, admit that model number GRSW01-23CO-1 is a subsequent model of the Subject Chair and does not require pins to stabilize the frame, and is without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore denies them.

52.    Responding to paragraph 86, Answering Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

53. Responding to paragraphs 87 and 88, Answering Defendants deny the allegations contained therein.

54. Responding to paragraph 89, Answering Defendants admit that prior to June 30, 2022, neither the Subject Chair nor Answering Defendants' websites provided digital instructions regarding the insertion of pins, admit that neither the warning tag nor stickers included a diagram or QR Code regarding the pins and the holes, and deny the remaining allegations contained therein.

55. Responding to paragraph 90, Answering Defendants admit that the referenced letter included a detailed description of the assembly process involving the pins, a step-by-step diagram of the same, and a QR Code with an assembly video, and deny the remaining allegations contained therein.

56. Responding to paragraph 91, Answering Defendants deny the allegations contained therein.

57. Responding to paragraph 92, Answering Defendants admit the referenced letter includes a warning about fall injuries that can result from failing to properly insert the pins, and deny the remaining allegations contained therein.

58. Responding to paragraph 93, Answering Defendants deny all allegations that the Subject Chair was defective and/or that Answering Defendants failed to provide proper instructions and/or warnings, deny that the foregoing caused Mr. Humphrey's injuries, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

59. Responding to paragraph 94, Answering Defendants deny the allegations contained therein.

## COUNT II

## (NEGLIGENCE – DESIGN, MANUFACTURE, INSPECTION, DISTRIBUTION)

60. Responding to paragraph 95, Answering Defendants re-allege and incorporate herein by reference their responses contained in paragraphs 1 through 59 above.

61. Responding to paragraph 96 Answering Defendants deny the allegations contained therein.

62. Paragraph 97 contains legal conclusions for which no response is required. To the extent a response is required, Answering Defendants deny they placed the Subject Chair in the stream of commerce, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

63. Responding to paragraph 98, Answering Defendants deny the allegations contained therein.

64. Responding to paragraph 99, Answering Defendants deny the allegations contained therein.

65. Responding to paragraph 100, Answering Defendants deny negligence and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

## COUNT III

## (NEGLIGENCE- FAILURE TO WARN)

66. Responding to paragraph 101, Answering Defendants re-allege and incorporate herein by reference their responses contained in paragraphs 1 through 65 above.

67. Responding to paragraph 102, Answering Defendants deny the allegations contained therein.

9

68.     Responding to paragraph 103, Answering Defendant deny the allegations contained therein.

69.     Paragraph 104 contains legal conclusions for which no response is required.  To the extent a response is required, Answering Defendants deny they placed the Subject Chair in the stream of commerce, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained therein and therefore deny them.

70.     Responding to paragraph 105, Answering Defendants deny the allegations contained therein.

71.     Responding to paragraph 106, Answering Defendants deny the allegations contained therein.

72.     Responding to paragraph 107, Answering Defendants admit that approximately 786,000 of the chairs had been sold by June 30, 2022, deny the chair was defective and dangerous, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

73.     Responding to paragraph 108, Answering Defendants deny the allegations contained therein.

74.     Responding to paragraph 109, Answering Defendants deny the allegations contained therein.

75.     Responding to paragraph 110, Answering Defendants deny negligence and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

///

///

10

## COUNT IV

## (LOSS OF CONSORTIUM FOR JESSICA HUMPHREY)

76.    Responding to paragraph 111, Answering Defendants re-allege and incorporate herein by reference their responses contained in paragraphs 1 through 75 above.

77.    Responding to paragraph 112, Answering Defendant deny the allegations contained therein.

78.    Responding to paragraph 113, Answering Defendants deny the allegations contained therein.

79.    Responding to paragraph 114, Answering Defendants deny they were negligent and caused Jessica Humphrey's alleged injuries, and are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations contained therein and therefore deny them.

80.    Responding to paragraph 115, Answering Defendant deny the allegations contained therein.

81.    Answering Defendants deny each allegation to which they have not otherwise pled.

82.    Answering Defendants allege that Plaintiffs alleged injuries and damages are the result, in whole or in part, of the negligence and/or other fault on the part of Mr. Humphrey, others whether parties or not to this Action, and/or intervening/superseding cause, all of which bar and/or limit recovery to Plaintiffs.

83.    Answering Defendants assert that the state of the art defense may bar, in whole or in part, Plaintiffs' claims.

11

84.    Answering Defendants assert that Mr. Humphrey's injuries may have been caused by his misuse and/or failure to follow the instructions and/or warnings provided with the Subject Chair.

**WHEREFORE**, having fully answered the Complaint, Answering Defendants request that this matter be dismissed with prejudice and that Plaintiffs take nothing thereby, that any recovery be reduced in the amount of Plaintiffs or other parties' comparative fault, that Answering Defendants be discharged with their lawful costs incurred herein to the extent permitted by law, and for such other relief the Court deems proper

DATED this 30th day of April, 2024.

LAW OFFICE OF STEVEN M. CHAET

By:_____
      Steven M. Chaet
      1299 Zurich Way, Suite 400
      Schaumburg, IL 60196
      *Attorneys for Defendants*

**ORIGINAL** of the foregoing e-filed this
30th day of April, 2024, with a copy to:

The Honorable Michael Gordon

**COPY** of the foregoing e-served and e-mailed this
30th day of April, 2024, to:

Tyrrell Taber, Esq.
Gallagher & Kennedy
2575 East Camelback Road
Phoenix, AZ 85016-9225
ty.taber@gknet.com
*Attorney for Plaintiff*


  _/s/ Darlene M. Towsley_____

12

Steven M. Chaet (Bar No.024346)
Law Office of Steven M. Chaet
1299 Zurich Way, Suite 400
Schaumburg, IL 60196
(602) 217-8013
steven.chaet@zurichna.com
*Attorneys for Defendants ShelterLogic and RIO Brands*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF   MARICOPA**

| | |
|---|---|
| KEVIN HUMPHREY and JESSICA HUMPHREY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation; SHELTERLOGIC GROUP, INC., a Delaware corporation, RIO BRANDS, LLC, a Delaware limited liability company; JOHN and JANE DOES I-IX; BLACK and WHITE CORPORATION I-X; and ABC PARTNERSHIPS I-X,<br><br>Defendants. | **CASE NO:   CV2024-004751**<br><br>**DEFENDANTS' DEMAND FOR JURY TRIAL**<br><br>**(Assigned to the Honorable Michael Gordon)** |

Defendants ShelterLogic Group, Inc. ("ShelterLogic") and RIO Brands, LLC ("RIO"), by and through counsel undersigned, hereby demands a trial by jury of all issues triable of right by jury.

DATED this 30th day of April, 2024.

LAW OFFICE OF STEVEN M. CHAET

By:_____
Steven M. Chaet
1299 Zurich Way, Suite 400
Schaumburg, IL 60196
*Attorneys for Defendants*

**ORIGINAL** of the foregoing e-filed this
30th day of April, 2024, with a copy to:

The Honorable Michael Gordon

**COPY** of the foregoing e-served and e-mailed this
30th day of April, 2024, to:

Tyrrell Taber, Esq.
Gallagher & Kennedy
2575 East Camelback Road
Phoenix, AZ 85016-9225
ty.taber@gknet.com
*Attorney for Plaintiff*

 _/s/ Darlene M. Towsley_____

2

Steven M. Chaet (Bar No.024346)
Law Office of Steven M. Chaet
1299 Zurich Way, Suite 400
Schaumburg, IL 60196
(602) 217-8013
steven.chaet@zurichna.com
*Attorneys for Defendants ShelterLogic and RIO Brands*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF   MARICOPA**

| | |
|---|---|
| KEVIN HUMPHREY and JESSICA HUMPHREY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation; SHELTERLOGIC GROUP, INC., a Delaware corporation, RIO BRANDS, LLC, a Delaware limited liability company; JOHN and JANE DOES I-IX; BLACK and WHITE CORPORATION I-X; and ABC PARTNERSHIPS I-X,<br><br>Defendants. | CASE NO:   CV2024-004751<br><br>**DEFENDANTS' CERTIFICATE REGARDING COMPULSORY ARBITRATION**<br><br> **(Assigned to the Honorable Michael Gordon)** |

Defendants ShelterLogic Group, Inc. ("ShelterLogic") and RIO Brands, LLC ("RIO"), by and through counsel undersigned, hereby certifies that this case **IS NOT** subject to compulsory arbitration, in accordance with Rules 72 through 77, Arizona Rules of Civil Procedure.

LAW OFFICE OF STEVEN M. CHAET
Employees of Zurich American Insurance Company

DATED this 30th day of April, 2024.

LAW OFFICE OF STEVEN M. CHAET

By:_____
Steven M. Chaet
1299 Zurich Way, Suite 400
Schaumburg, IL 60196
*Attorneys for Defendants*

**ORIGINAL** of the foregoing e-filed this
30th day of April, 2024, with a copy to:

The Honorable Michael Gordon

**COPY** of the foregoing e-served and e-mailed this
30th day of April, 2024, to:

Tyrrell Taber, Esq.
Gallagher & Kennedy
2575 East Camelback Road
Phoenix, AZ 85016-9225
ty.taber@gknet.com
*Attorney for Plaintiff*


 _/s/ Darlene M. Towsley_____

2